IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN SEATS, | ) |
| | ) |
|           Petitioner, | ) |
| | ) |
| vs. | )   Case No. 21-CV-1221-SMY |
| | ) |
| DANIEL MONTI, | ) |
| | ) |
|           Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Devin Seats, a state prisoner currently incarcerated at Shawnee Correctional Center, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, requesting resentencing for his 2012 convictions for aggravated battery with a firearm and aggravated discharge of a firearm (Doc. 1). The case is now before the Court on Respondent's motion to dismiss the Petition as untimely (Doc. 14).[1] For the following reasons, Respondent's motion is **GRANTED**.

**Factual and Procedural Background**[2]

In April 2011, Seats shot a man in the face at a Chicago store; the man survived. *People v. Seats*, 2015 IL App (1st) 130199-U, ¶¶ 4, 13. Following a bench trial, Seats was found guilty of aggravated battery with a firearm under 720 ILCS 5/12-4.2(a)(1), armed habitual criminal under 720 ILCS 5/24-1.7(a), and aggravated discharge of a firearm under 720 ILCS 5/24-1.2(a)(1). *Id.* at ¶ 2.

---

[1] Seats has not opposed Respondent's motion but did address the timelines issue in his Petition (Doc. 1, p. 7).
[2] This Court cites to the public judicial records along with the exhibits attached by Respondent.

Seats' pre-sentence investigation report referred to six prior felony convictions, including a 2005 conviction for aggravated unlawful use of a weapon (AUUW), a 2005 conviction for manufacture/delivery of heroin, a 2005 conviction for possession of a controlled substance, two 2007 convictions for AUUW, and a 2009 conviction for felony escape. *People v. Seats*, 2020 IL App (1st) 170738-U, ¶ 6. On December 12, 2012, the Circuit Court of Cook County sentenced Seats to 20 years imprisonment for aggravated battery with a firearm, 12 years for armed habitual criminal, and 10 years for aggravated discharge of a firearm, all to run concurrently. *Id.* at ¶ 7. In imposing sentence, the Honorable James B. Linn noted that, in aggravation, Seats had a "considerable criminal background" and that "[he'd] been through the system before" but did not directly reference the AUUW convictions. *Id.* at ¶ 7. In 2013, the Illinois Supreme Court ruled that such AUUW convictions violated the Second Amendment. *People v. Aguilar*, 2 N.E.3d 321 (Ill. 2013). Seats' AUUW convictions were formally vacated in November 2019. *People v. Seats*, 2020 IL App (1st) 170738-U, ¶ 6.

Seats appealed his 2012 convictions on unrelated grounds. The Illinois Appellate Court affirmed and the Illinois Supreme Court denied Seats' Petition for Leave to Appeal ("PLA") on November 25, 2015. *People v. Seats*, 2015 IL App (1st) 130199-U; *People v. Seats*, 42 N.E.3d 374 (Ill. 2015). Seats did not file a Petition for Writ of Certiorari to the United States Supreme Court.

On December 22, 2016, Seats filed a *pro se* petition for post-conviction relief, asserting that the sentencing court had improperly considered his AUUW convictions. *People v. Seats*, 2020 IL App (1st) 170738-U, ¶ 9. Seats' petition was dismissed. The Illinois Appellate Court affirmed the dismissal, finding that Seats' AUUW convictions were "so insignificant that it did

not lead to a greater sentence," especially given the fact that he shot another man in the face. *Id.* at ¶¶ 17, 18. That court vacated Seats' armed habitual criminal conviction, while leaving unmodified his convictions for aggravated battery with a firearm and aggravated discharge of a firearm. *Id.* at ¶ 14. The Illinois Supreme Court denied Seats' PLA on November 18, 2020. *People v. Seats*, 159 N.E.3d 955 (Ill. 2020).

Seats filed the instant § 2254 petition on October 6, 2021 (Doc. 1), arguing that he should have been resentenced on his convictions for aggravated battery with a firearm and aggravated discharge of a firearm given the vacating of his AUUW convictions.

## Discussion

28 U.S.C. § 2244 creates a one-year limitation period for filing a Petition for Writ of Habeas Corpus. Specifically, under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year statute of limitations is tolled during the pendency of a "properly filed" state post-conviction petition and may be subject to equitable tolling. 28 U.S.C. § 2244(d)(2);

*Holland v. Florida,* 560 U.S. 631, 645 (2010). Equitable tolling applies only if the petitioner shows both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Under 28 U.S.C. § 2244(d)(1)(A), Seats had one year from the date on which his judgment became final to seek federal habeas relief. His judgment became final on February 24, 2016, when the time expired for him to file a Petition for a Writ of Certiorari to the United States Supreme Court from the Illinois Supreme Court's denial of his PLA on November 25, 2015. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year clock ran for 302 days until it was tolled by the postconviction petition that Seats filed on December 22, 2016. 28 U.S.C. § 2244(d)(2) ("time during which a properly filed application for State post-conviction or other collateral review" shall not count). The clock resumed running on November 18, 2020, when the Illinois Supreme Court denied Seats' PLA from his postconviction petition. *Pace v. DiGugliemo*, 544 U.S. 408, 410 (2005). Because Seats did not file the instant Petition within the 63 days that remained, but instead waited another 322 days until October 6, 2021, his Petition is untimely.

Seats asserts that the clock runs from when the sentencing decision becomes final, a theory the Seventh Circuit Court of Appeals has rejected. *See*, *Lozano v. Frank*, 424 F.3d 554, 555-556 (7th Cir. 2005) ("[petitioners] cannot backdoor [their] way into timely federal habeas review by characterizing [their] sentence modification as a result of the direct review process."). Moreover, while Seats' habitual criminal conviction was vacated, his convictions for aggravated battery with a firearm and aggravated discharge of a firearm were not modified

and are subject to the above timeline pursuant to 28 U.S.C. § 2244(d)(1)(A). *Turner v. Brown*, 845 F.3d 294, 297 (7th Cir. 2017) ("timeliness of [a] habeas petition is calculated based on the date of the final judgment that [a] petition challenges" and unaltered convictions that were not subject to resentencing do not receive later final judgment dates).

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED,** and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Buck v. Davis,* 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both those reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's ruling on the untimeliness of the Petition is correct. Accordingly, the Court denies a certificate of appealability. Seats may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**
**DATED: January 9, 2023**

**STACI M. YANDLE**
**United States District Judge**